**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **DEANGELO LIGGONS,** ) | |
| ) | |
|   **Defendant/Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 1:18-cr-10111-JDB** |
| ) | **No. 1:20-cv-01228-JDB** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|   **Plaintiff/Respondent.** ) | |

___

# UNITED STATES' RESPONSE TO
# PETITIONER'S MOTION UNDER 28 USC § 2255
___

COMES NOW, the United States of America by and through D. Michael Dunavant, United States Attorney, and Victor L. Ivy, Assistant United States Attorney for the Western District of Tennessee, in response to Defendant/Petitioner Deangelo Liggons' (hereinafter "Liggons") § 2255 motion, filed pro se, and would state as follows:

## BACKGROUND

On November 13, 2018, a federal grand jury sitting in Jackson, TN, returned a two-count indictment against Liggons charging him with conspiracy to distribute marijuana and being a felon in possession of a firearm, in violation of 21 USC § 841(a)(1) and § 846 as well as 18 USC § 922(g). (D.E. 18 - Indictment). On March 11, a superseding indictment was returned by the federal grand jury charging Liggons with three counts. Count One is conspiracy to possess with intent to distribute more than 5 grams of methamphetamine, in violation of 21 USC § 841(a)(1) and § 846. Count Two charged

1

conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 USC § 841(a)(1) and § 846. Count Three charged Liggons with being a felon in possession of a firearm, in violation of 18 USC § 922(g).

On April 17, 2019, a plea agreement was entered into pursuant to an agreement between the two parties (D.E. 46 – Plea Agreement). The facts of the case are agreed upon and are attached to the plea agreement. (See attached Exhibt 1 – Plea Agreement with attachment). Liggons entered a guilty plea to Counts 1 and 3 of the superseding indictment on that same date.

The U.S. Probation Office prepared a presentence report, ("PSR"), calculating Liggons' offense level at 34 and his criminal history score at 8, which establishes a criminal history category of IV. The PSR gave guideline provisions for a sentencing range of 210 months to 262 months.

A sentencing hearing was held on October 2, 2019. Liggons received a sentence of 144 months on Count 1 and 120 months on Count 3, to be served concurrently for a total sentence of 144 months. (D.E. 61 - Judgment).

Liggons did not take a direct appeal. Over one year later, on October 13, 2020, Liggons filed a § 2255 petition pro se after signing it on September 29, 2020.  The judgment had become final on October 7, 2019. (D.E. 61).

Assuming Liggons' § 2255 petition is not time-barred, the government responds to the following claims:

Claim 1: Ineffective assistance of pretrial counsel in (1), failure to communicate with Liggons and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to going to trial; (2), failure to file any substantive pretrial

2

motions; (3), failure to conduct an adequate and independent pretrial investigation; and (4), failure to attempt to negotiate a favorable plea agreement.

Claim 2: Ineffective assistance of counsel at sentencing in (1), failure to properly discuss and explain the PSR to Liggons prior to the sentencing hearing; (2), failure to file substantive objections to the PSR; (3), failure to argue for mitigation of punishment and object to his sentence being substantively unreasonable; and (4), failure to file a notice of appeal.

## **DISCUSSION**

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006.)

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel at both the trial and appellate stages. United States v. Cronic, 466 U.S. 648, 654 (1984); Strickland v. Washington, 466 U.S. 668, 686 (1984).  Effective assistance of counsel is "a reasonably competent attorney whose advice is within the range of competence demanded of attorneys in criminal cases." Cronic, 466 U.S. at 654 (internal citation and quotation omitted).  Thus, when a convicted defendant complains of the ineffectiveness of counsel's assistance, he must show: (1) deficient performance by counsel and (2) prejudice resulting from that deficient performance. Strickland, 466 U.S. 687. "Judicial scrutiny of counsel's performance must be highly differential.  We presume from the outset that a lawyer is competent, and therefore, the burden rests on the accused to demonstrate a

3

constitutional violation." United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995) (internal citations and quotation omitted); see Strickland, 466 U.S. at 690 (found that Petitioner has the burden of overcoming the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). Failure of the Petitioner to satisfy either requirement defeats an ineffective assistance of counsel claim, and the court need not address both components of the test if the Petitioner makes an insufficient showing on one prong of the test. Strickland, 466 U.S. 697, 700.

Under the first part of the Strickland test, the Petitioner must demonstrate that his or her attorney's representation fell below an objective standard of reasonableness, that is, that his or her counsel "made such serious errors that the attorney was not functioning as 'counsel' guaranteed by the Sixth Amendment." Hill, 2005 WL 2060804, at *2 (citing Strickland, 466 U.S. 687-88); see Gravely v. Mills, 87 F. 3d 779, 785 (6th Cir. 1996). Under the second requirement to show "prejudice," the Petitioner "has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different." Hill, 2005 WL 2060804, at *3 (citing Strickland, 466 U.S. at 694).

As explained more fully below, Liggons cannot show any entitlement to relief under § 2255, because he cannot prove his trial counsel was constitutionally deficient under the prevailing standards, nor that he is entitled to relief under any of the grounds listed in his motion. Therefore, his motion should be dismissed.

## **TRIAL COUNSEL WAS EFFECTIVE AT THE PRETRIAL STAGE**

Liggons contends that counsel was ineffective at pretrial for a number of reasons; however, counsel has filed an affidavit refuting each of Liggons' claims. (See attached Exhibit 2 - Affidavit). The record shows that counsel was effective as Liggons repeatedly told the court that he was pleading guilty knowingly and voluntarily. (See attached Exhibit 3 – Change of Plea Hearing). In the change of plea hearing, the court was very thorough as to whether Liggons understood the charges against him and what he was pleading guilty to. Liggons listened to the court's questions and answered each question asked by the court. (Change of Plea Hearing, pp. 5-25).

Clearly, Liggons knew exactly what he was pleading to and agreed with the plea agreement that he had signed and listened to as the Assistant U.S. Attorney recited it in open court. Liggons agreed that he was satisfied with counsel and that he had been provided adequate legal representation in this case. (Change of Plea Hearing, p. 19). Liggons also agreed that he had discussed the Sentencing Guidelines with counsel. (Change of Plea Hearing, pp. 20-21). Liggons further agreed to waive his right to appeal his sentence in the plea agreement and did the same during direct questioning by the court. (Plea Agreement, ¶¶ 6-7) (Change of Plea Hearing, pp. 21-22). In short, all of the issues Liggons raises in Claim 1 of his petition are refuted by his plea agreement, change of plea colloquy and counsel's affidavit.

Claim 2 made in Liggons' petition is also without merit. Counsel states in her affidavit "To the best of my knowledge, undersigned counsel discussed the PSR and any applicable factual and legal objections with Mr. Liggons on July 19, 2019; filed a sentencing position paper with mitigating arguments and exhibits in support of a lesser

5

sentence; and counsel was never told by Mr. Liggons that he wanted to file an appeal and he never asked his counsel to file a Notice of Appeal." (Affidavit, ¶ 7). Indeed, even during allocution, Liggons did not express being unsatisfied with counsel. Therefore, here we have Defendant/Petitioner Liggons making claims of ineffective assistance of counsel and his defense counsel, with many years of federal trial experience, refuting those claims. As an officer of the court, defense counsel has filed an affidavit.

Liggons' claims are meritless. He received a favorable plea agreement through counsel's negotiation to have Count 2 dismissed. He attempts to raise 4th Amendment issues in his petition, but they too have no merit and are improperly raised in a § 2255 petition.

Further, Liggons stated at his change of plea hearing and at sentencing that counsel had discussed the PSR with him and explained the Sentencing Guidelines. Counsel did argue for a reduced sentence for Liggons and was very successful. The PSR called for a sentence range of 210 to 262 months. (PSR at ¶128). Counsel was skillfully able to obtain a sentence of 144 months, for a reduction of at least 66 months.

Defendant/Petitioner lastly complains that counsel did not file an appeal. However, Liggons waived his right to appeal in the plea agreement in exchange for the government's agreement to grant acceptance of responsibility and dismissal of Count 2 of the superseding indictment. The court extensively went over the appeal waiver with Defendant/Petitioner Liggons and, as noted above in the plea agreement and change of plea hearing transcript, he agreed with the appeal waiver. (See Exhibits 1 and 3).

## CONCLUSION

In conclusion, Liggons benefitted from counsel's pretrial negotiations, plea agreement negotiations and sentencing advocacy. Liggons' § 2255 motion has no merit and should be denied.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

BY:   s/Victor L. Ivy_____
VICTOR L. IVY (#14363)
Assistant United States Attorney
Western District of Tennessee
109 South Highland Avenue, Suite 300
Jackson, Tennessee  38301
(731)  422-6220
Vic.Ivy@usdoj.gov

## CERTIFICATE OF SERVICE

I, VICTOR L. IVY, do hereby certify that a true and exact copy of the foregoing response has been submitted to petitioner via the U.S. Mail, on this, the 22nd day of December, 2020.

s/Victor L. Ivy_____
VICTOR L. IVY (#14363)
Assistant United States Attorney